**UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT**

JOHN D. HAYWOOD,

     Plaintiff,

v.

ST. MICHAEL'S COLLEGE,
LOGAN R. SPILLANE, and
CHRISTOPHER HARDY,

     Defendants.

Civil Action No. 2:12-cv-164
**Jury Demand**

**BRIEF IN SUPPORT OF STUDENTS' SPECIAL MOTION TO STRIKE SLAPP SUIT**

Defendant, LOGAN R. SPILLANE and CHRISTOPHER HARDY (hereafter "the students"), by and through their attorney of record, WILLIAM B. TOWLE, ESQ., hereby submits this Brief in Support of Special Motion to Strike SLAPP Suit pursuant to 12 V.S.A. § 1041.

The students reported on John D. Haywood's candidacy for U.S. President as part of a journalism assignment as students at St. Michael's College.  As part of the assignment, the students interviewed Mr. Haywood, and summarized the positions outlined on Mr. Haywood's official "John Haywood for President" website.  As part of the assignment, these reports were posted on the St. Michael's College website by their St. Michael's College professor.

All fourteen enumerated claims in the complaint are about the students' summaries of the positions detailed on Mr. Haywood's official "John Haywood for President" website.

Objectively, the students' reporting was accurate.

Legally, there was factual support for the reports and Mr. Haywood has no recognizable

injury.

The allegations of the complaint can be fairly described as quibbles and nitpicks over whether the students' summary is accurate.  In sum, Mr. Haywood disputes the students' summary and paraphrase of his official website.

However, any objective or even subjective review of Mr. Haywood's claims establishes that -- at best -- it's a quibble of semantics or a disagreement of the nuances within the summaries.  There are no allegations of fabrication or falsehood.

Mainly, it is semantic quibbling.  For example, the Fifth Claim, ¶ 17, seems solely about the words "similar" vs. "identical."  John Haywood's official site contained the proposal that Mr. Haywood intended to replace the U.S. Healthcare system "with one identical to Britain's National Health Service."  The students summarized this point by writing that Mr. Haywood proposed "switching to a single-payer system that is similar to the one in Britain."

Mr. Haywood sues because he feels the word "similar" is a libelous way to describe the word "identical."

Legally, such reporting is protected by the First Amendment.

Objectively, this is good and accurate reporting (although this is unnecessary for the conduct to be protected).

Mr. Haywood's libel claims are patently absurd.

A simple review of the complaint reveals that Mr. Haywood concurs that the students relied on his site for their sources.  Haywood doesn't like the students' paraphrase of his site's words.  However, libel requires much, much more.

Whether this is merely a publicity stunt or whether Mr. Haywood truly believes he has

been aggrieved, fortunately for the students, the Vermont anti SLAPP suit statute applies

("SLAPP" is an acronym for Strategic Lawsuit Against Public Participation).  The statute, passed

in 2005, reads:

> A defendant in an action arising from the defendant's exercise, in connection with
> a public issue, of the right to freedom of speech ... under the United States or
> Vermont Constitution may file a special motion to strike under this section. 12
> V.S.A. § 1041(a).

In passing the law, the following findings were adopted by the General Assembly:

> (1)      There has been a disturbing increase in lawsuits brought primarily to chill
> the valid exercise of the constitutional rights of freedom of speech and freedom to
> petition the government for the redress of grievances.
> (2)      It is in the public interest to encourage continued participation in matters
> of public significance, and this participation should not be chilled through abuse
> of the judicial process.

Can there be a greater abuse of the judicial process than a U.S. Presidential candidate

suing a student for reporting on the candidate's positions?

This Special Motion to Strike is applicable to the state law claims of libel, under the Erie

doctrine, 12 V.S.A. § 1041, which governs state-law claims in federal court. See *Achtman v.

Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 n.4 (2d Cir. 2006).

Vermont's 12 V.S.A. § 1041 includes four potential definitions of "the exercise, in

connection with a public issue, of the right to freedom of speech." The two applicable here are:

(1) a "written ... statement concerning an issue of public interest ... [in] a place open to the

public"; and (2) a "statement ... concerning ... an issue of public interest ... which furthers the

exercise of the constitutional right of freedom of speech .... " 12 V.S.A. § 1041.(i)(3) & (4).

The students have exercised, in connection with a public issue, the right to

freedom of speech by reporting on John Haywood's Presidential campaign.  See 12 V.S.A. §

104l(i)(4).  The website's reports are written statements in a place open to the public. See 12 V.S.A. § 1041(i)(3).

When a defendant files a Special Motion to Strike, the burden falls on the plaintiff to prove that: "(A) the defendant's exercise of his or her right to freedom of speech and to petition was devoid of any reasonable factual support and any arguable basis in law; and (B) the defendant's acts caused actual injury to the plaintiff." 12 V.S.A. § 1041(e)(l). If the plaintiff does not meet his or her burden, "[t]he court shall grant the special motion to strike." Id.  If the Court grants the motion to strike, it "shall award costs and reasonable attorney's fees to the defendant." 12 V.S.A. § 1041.(f)(l).

Mr. Haywood cannot meet his burden on either point.  The reporting and attendant exercise of the right to freedom of speech were clearly and undisputedly based on Mr. Haywood's own website.  Therefore, Mr. Haywood cannot prevail on the defense that the reporting was "devoid of any reasonable factual support [or] any arguable basis in law."

Second, Haywood can show no actual injury.  The complaint only alleges two injuries.

The first injury alleged is that Mr. Haywood's friends, who are all apparently North Carolina Republicans, might have learned that Mr. Haywood was running as a Democrat in New Hampshire.   Complaint ¶ 6.(a).

The fact Mr. Haywood was running as a Democrat in New Hampshire is both undisputed and public.  As a matter of law, publishing a public and undisputed fact cannot form the basis of a libel claim.  Further, it seems unlikely that any Court should find being a Democrat, to be libel per se, which is what Mr. Haywood apparently suggests.  This is an odd suggestion coming from a Democratic candidate for President.

4

The second injury is that somehow this reporting caused Mr. Haywood to lose the Democratic New Hampshire primary (and subsequent Democratic nomination) to President Barack Obama.  This is not a recognizable damage at law.  Further, Mr. Haywood does not produce a single New Hampshire voter who was dissuaded from voting for Mr. Haywood due to the students' reporting (which, of course, was both accurate and is 100% protected as free speech).

In sum, the students are exactly the sort of people the statute is designed to protect – completely and constitutionally protected reporters of a public figure running for President.

Mr. Hayward is a poster child for the anti-SLAPP statute.  He is trying to harass, intimidate, and chill free speech and has sued two student reporters for $50,000,000.

WHEREBY, the students respectfully request that this Court grant Defendants' Special Motion to Strike, dismiss the state law claims of libel, and award costs and reasonable attorney's fees to the students for all work associated with litigating these claims. 12 V.S.A. § 1041(0(1) ("If the court grants the special motion to strike, the court shall award costs and reasonable attorney's fees to the defendant.").

Dated at South Burlington, Vermont, September 24, 2012.

WARD & BABB
Attorneys for  LOGAN R. SPILLANE, and
CHRISTOPHER HARDY


By:   /s/ William B. Towle
William B. Towle, Esq.
3069 Williston Road
South Burlington, VT 05403
(802) 863-0307

F:\Client Docs\Spillane Logan\General\120924 Brief in Support of Special Motion to Strike.wpd

6