UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

|  |  |
|---|---|
| JOHN D. HAYWOOD, | ) |
| Plaintiff, | ) |
| v. | ) Docket No. 2:15-CV-164 |
| ST. MICHAEL'S COLLEGE, LOGAN R. SPILLANE and CHRISTOPHER HARDY, | ) |
| Defendants. | ) |

### SPECIAL MOTION TO STRIKE

NOW COMES St. Michael's College ("St. Michael's" or "Defendant"), by and through its attorneys, and files this Special Motion to Strike Plaintiff John D. Haywood's ("Plaintiff" or "Mr. Haywood") Complaint pursuant to 12 V.S.A. § 1041 and demands its attorneys' fees in accordance with the law.  In support of its Special Motion to Strike, St. Michael's submits the following memorandum of law.

### MEMORANDUM OF LAW

The Plaintiff's allegations are utterly without basis in fact or in law.  This suit is one of a species that abuses the power of the judicial system by forcing frivolous lawsuits and their accompanying expenses upon parties who do nothing more than exercise their constitutional right to freedom of speech and participation in the public sphere. *See, e.g., Fustolo v. Hollander*, 455 Mass. 861, 864, 920 N.E.2d 837, 840 (2010); *Schelling v. Lindell*, 2008 ME 59, 942 A.2d 1226, 1229.  Lawsuits such as these are known as Strategic Lawsuits Against Public Participation ("SLAPP") suits, and twenty-eight states have written legislation to curtail them.

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT
05402-0988
(802) 864-5751

Bruce E.H. Johnson and Sarah K. Duran, *A View from the First Amendment Trenches: Washington State's New Protections for Public Discourse and Democracy*, 87 Wash. L. Rev. 495, 502 (2012). Vermont is among these states; its anti-SLAPP statute is codified at 12 V.S.A. § 1041. *Id*. To rectify the injustice of being forced into the courthouse on a spurious charge that threatens to silence the right to public participation, the statute provides an expedited procedure for dismissal and allows defendants to recover their attorneys' fees from the plaintiff. 12 V.S.A. § 1041. Accordingly, St. Michael's demands its full attorneys' fees from Mr. Haywood.

**I.     Background**

As alleged in his Complaint, Plaintiff ran for President of the United States against incumbent President Barack Obama in the New Hampshire Democratic primary in January, 2012. Mr. Spillane and Mr. Hardy (the "Authors") wrote an article about Mr. Haywood's candidacy as part of a class at St. Michael's College, and it was published online approximately a week before the primary. As part of their journalistic efforts, the Authors spoke with Mr. Haywood over the phone, interviewed several of his associates in his home state of North Carolina, and read Mr. Haywood's campaign website. Their article is largely a summary of Mr. Haywood's positions.

Mr. Haywood claims that alleged mistakes in the Authors' article constitute libel. Mr. Haywood also alleges that the standard journalistic practice of contacting his associates was evidence of malice on the part of the Authors because Mr. Haywood was attempting to keep his candidacy a secret from his acquaintances in his home state of North Carolina, and news of his candidacy brought him embarrassment there.

Mr. Haywood demands $50 million in punitive damages. He claims that this is the amount of money America would save in 13 days had Plaintiff been elected President and

Dinse,
Knapp &
McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT

instituted his health care plan. At the same time he demands $1 million for damage to his reputation in North Carolina after the Authors exposed Mr. Haywood's candidacy to his associates, despite the fact that a successful candidacy for President of the United States likely would have alerted his community to his candidacy. He also demands over $120,000 for the amount he spent on advertising throughout the primaries.

## II. Vermont's Anti-SLAPP Statute Shifts The Burden To Plaintiff To Prove His Lawsuit Is Not Frivolous.

Although Section 1041 is a state law, the Federal District Court in Vermont has already ruled that this is no bar to bringing an Anti-SLAPP motion to strike in federal court. *Bible & Gospel Trust v. Twinam*, 2:07-CV-17, 2008 WL 5216845 (D. Vt. July 18, 2008) report and recommendation adopted in relevant part, rejected in part, 1:07-CV-17, 2008 WL 5245644 (D. Vt. Dec. 12, 2008) ("Because there is no direct conflict between the Vermont anti-SLAPP statute and the Federal Rules, and because the state interest outweighs any federal interest, the Vermont anti-SLAPP statute should apply in federal courts.").

Vermont's anti-SLAPP statute provides for a "special motion to strike" that defendants may file in the event of a lawsuit "arising from the defendant's exercise, in connection with a public issue, of the right to freedom of speech or to petition the government for redress of grievances under the United States or Vermont Constitution." 12 V.S.A. § 1041(a). Such an exercise of the right to freedom of speech is further defined as "any written or oral statement concerning an issue of public interest made in a public forum or a place open to the public;" or a "statement or conduct concerning a public issue or an issue of public interest which furthers the exercise of the constitutional right of freedom of speech or the constitutional right to petition the government for redress of grievances." 12 V.S.A. § 1041(i). *See also*, *Fustolo v. Hollander*, 455 Mass. 861, 865 (2009) (interpreting the Massachusetts anti-SLAPP statute).

Dinse,
Knapp &
McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT

Once a defendant has established that the speech subject to the lawsuit fits within this definition the Court must grant the defendant's special motion to strike unless the plaintiff can prove the following: (1) that the defendant's exercise of his or her right to freedom of speech and to petition was devoid of any reasonable factual support *and* any arguable basis in law; and (2) the defendant's acts caused actual injury to the plaintiff.  12 V.S.A. § 1041(e)(emphasis added). *See also, Fustulo.*, citing *Baker v. Parsons*, 434 Mass. 543, 553-553 (2001); *Nader v. Maine Democratic Party*, 2012 ME 57, 41 A.3d 551, 557; (interpreting the Maine anti-SLAPP statute).

The speech at issue in this case clearly falls within the type of speech covered by Vermont's anti-SLAPP statute.  The article is both a written statement concerning an issue of public interest made in a public forum or place open to the public, and it is a statement concerning an issue of public interest which furthers the exercise of the constitutional right of freedom of speech.  The Authors were writing about a candidate for the Presidency of the United States.  This is, without debate, an issue of paramount public interest.  *See, e.g., Schelling v. Lindell* (holding that a letter to the editor about a state law was a matter of public interest).  2008 ME 59 at ¶¶ 12-13.

The burden now shifts to Mr. Haywood to prove that the speech was devoid of factual support, devoid of any arguable basis in law, and that he suffered actual injury.  Mr. Haywood will not be able to do so.  His Complaint is a rambling, sixteen-count summary of Plaintiff's frustration with the way the Authors' characterized his political positions.  This is not a defamation suit, it is an attempt to prevent anyone from describing his policy stances during a race for the Presidency in any manner other than one approved of by Mr. Haywood.  It is precisely this stifling of public discussion that anti-SLAPP statutes exist to prevent.

Accordingly, St. Michaels is entitled to its attorney's fees under 12 V.S.A. § 1041(f).

Dinse,
Knapp &
McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT

**Conclusion**

Plaintiff has filed a suit whose claims cannot be supported in fact or in law, and which attacks defendants' exercise of their right to freedom of speech.  Accordingly, a Special Motion to Strike is appropriate to prevent this SLAPP, and Plaintiff will not be able to show that his lawsuit is anything other than frivolous.  St. Michael's requests its attorneys' fees.

Dated at Burlington, Vermont this 24th day of September, 2012.

                                        DINSE, KNAPP & McANDREW, P.C.

                                        /s/ Jeffrey J. Nolan
                                      Jeffrey J. Nolan, Esq.
                                      W. Scott Fewell, Esq.
                                      David A. Scherr, Esq.
                                      Attorneys for Defendant
                                      St. Michael's College
                                      P.O. Box 988
                                      Burlington, VT  05402-0988
                                      Tel. (802) 864-5751

Dinse,
Knapp &
McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT

**CERTIFICATE OF SERVICE**

    I, Jeffrey J. Nolan, Esq., certify that on September 24, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.  The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

    William B. Towle, Esq.

    A copy of the foregoing has also been served upon the following parties by mailing a copy thereof via U.S. first class, postage prepaid mail, to counsel of record at:

    John D. Haywood
    3116 Cornwall Road
    Durham, NC 27707-5102

                                        DINSE, KNAPP & McANDREW, P.C.

                                        /s/ Jeffrey J. Nolan
                                        Jeffrey J. Nolan, Esq.
                                        Attorney for Defendant
                                        St. Michael's College

Dinse,
Knapp &
McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT