UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| John D. Haywood<br><br>Plaintiff,<br><br>v.<br>St. Michael's College, Logan R. Spillane, and Christopher Hardy,<br><br>Defendants. | ) | CIVIL ACTION NO. 2:12-CV-164 |

**MOTION TO DISMISS**

NOW COMES Saint Michael's College ("Saint Michael's" or "Defendant"), by and through its attorneys, and moves to dismiss Plaintiff John D. Haywood's ("Plaintiff" or "Mr. Haywood") Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. In support of its Motion, Saint Michael's submits the following memorandum of law.

**MEMORANDUM OF LAW**

The Plaintiff's allegations are utterly without basis in fact or in law, and this suit should be dismissed on its face. The Plaintiff ran for President of the United States in the New Hampshire Democratic primary in 2012. He is now attempting to sue Defendants for libel based on an online article that merely summarized his political positions. Mr. Haywood's Complaint describes the ways in which he believes some of his positions were mischaracterized, but he fails as a matter of law to allege that a single statement was defamatory. Moreover, as a public figure, Mr. Hayward faces a heightened burden of proof to show clear and convincing evidence of false statements and actual malice on the part of Defendant. His Complaint fails to allege facts

Dinse,
Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT
05402-0988
(802) 864-5751

sufficient to show that he is entitled to such relief. Accordingly, the Complaint should be dismissed.

## FACTUAL BACKGROUND

As alleged in his Complaint, Plaintiff ran for President of the United States against incumbent President Barack Obama in the New Hampshire Democratic primary in January, 2012. Mr. Spillane and Mr. Hardy (the "Authors"), students at Saint Michael's College, wrote an article about Mr. Haywood's candidacy as part of a class assignment, and it was published online approximately a week before the primary. The article was little more than a straightforward summary of Mr. Haywood's political and policy positions, with a small amount of biographical information. It did not discuss matters relating to Mr. Haywood's reputation or character. As part of their journalistic efforts, the Authors spoke with Mr. Haywood over the phone, interviewed several of his associates in his home state of North Carolina, and read Mr. Haywood's campaign website.

Mr. Haywood claims that alleged mistakes in the Authors' article constitute libel. Mr. Haywood also alleges that the standard journalistic practice of contacting his associates was evidence of malice on the part of the Authors because Mr. Haywood was attempting to keep his candidacy a secret from his acquaintances in his home state of North Carolina, and news of his candidacy brought him embarrassment there.

Mr. Haywood demands $50 million in punitive damages. He claims that this is the amount of money America would save in 13 days had Plaintiff been elected President and instituted his health care plan. At the same time he demands $1 million for damage to his reputation in North Carolina after the Authors exposed Mr. Haywood's candidacy to his associates, despite the fact that a successful candidacy for President of the United States likely

Dinse,
Knapp &
McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT

would have alerted his community to his candidacy. He also demands over $120,000 for the amount he spent on advertising throughout the primaries.

**STANDARD OF REVIEW**

When considering a motion to dismiss, the Court accepts as true all well-pleaded facts, and considers the facts in the light most favorable to the plaintiff. *Smugglers Notch Homeowners' Ass'n v. Smugglers' Notch Mgmt. Co.*, 1:08-CV-186, 2009 WL 1545829 (D. Vt. May 29, 2009) *aff'd*, 414 F. App'x 372 (2d Cir. 2011) (citing *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007)). However, the Court is not required to accept conclusory allegations, unsupported conclusions, or unwarranted inferences, even if cast in the form of factual allegations, when considering a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 55 (2007).

"To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Smugglers Notch Homeowner's Ass'n*, 2009 WL 1545829, at *1 (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). The complaint must contain sufficient factual matter that it states a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the "plausibility standard is not akin to a 'probability requirement,'" it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id*. The United States Supreme Court permits the reviewing court "'to draw on its judicial experience and common sense' when deciding if it is plausible that the pleader can, based on the facts alleged, obtain any

Dinse,
Knapp &
McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT

relief." *Mathis v. Ohio Rehab. & Corr.*, 2:10-CV-574, 2010 WL 3982345, * 2 (S.D. Ohio Oct. 7, 2010) Pro se complaints, while liberally construed, must still satisfy the "facial plausibility" standard articulated in *Twombley*. *See Erickson v. Pardus*, 551 U.S. 89 (2007).

Finally, when considering a motion to dismiss, the Court is generally confined to the pleadings. *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). An exception to that general rule is found in Fed. R. Civ. P. 10(c) which provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Thus, documents attached to a Complaint – such as the exhibits attached to Plaintiff's Complaint – become part of the pleading for purposes of a Rule 12(b)(6) motion. *See also*, *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

## ARGUMENT

### A. Plaintiff Has Not Stated a Claim Upon Which Relief May Be Granted Because No Statement Cited By Plaintiff Constitutes Common Law Defamation.

Based on the law likely to be applied in this case, the Complaint should be dismissed where the statements made by the Authors are not libel per se or defamation under any common law definition that may apply in this case. "A federal trial court sitting in diversity jurisdiction must apply the law of the forum state to determine the choice-of-law." *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001). Vermont has adopted the Restatement (Second) of Conflicts for choice-of-law questions in tort cases. *McKinnon v. F.H. Morgan & Co., Inc.*, 170 Vt. 422, 423, 750 A.2d 1026, 1028 (2000) (citing *Amiot v. Ames*, 166 Vt. 288, 292, 693 A.2d 675, 677-78 (1997)).

In the case of defamation, the Vermont Supreme Court ordinarily applies the specific section of the Restatement that relates to the particular issue in dispute. *Id*. The Restatement generally provides that in cases alleging defamation the location where the publication occurs

Dinse,
Knapp &
McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT

generally determines the parties' rights and liabilities, except where the allegedly defamatory matter is published in the manner of an "aggregate communication." Restatement (Second) of Conflict of Laws §§ 149-150 (1971). In the case of aggregate communication, the Restatement provides that the state where the person was domiciled at the time of the communication will determine the rights and liabilities. Restatement (Second) of Conflict of Laws § 150. Publication to a website constitutes multi-state, or aggregate, communication. *See, e.g.*, *Wells v. Liddy*, 186 F.3d 505, 530 (4th Cir. 1999); *Mzamane v. Winfrey*, 693 F. Supp. 2d 442, 471 (E.D. Pa. 2010). As stated in his Complaint and the accompanying attachments, Mr. Haywood has been domiciled in North Carolina for many years. North Carolina law should therefore apply in this case.

**1. As a Matter of North Carolina Law, Plaintiff Has Not Alleged Libel Per Se.**

Plaintiff claims that certain of the Authors' statements constitute libel per se. This claim is not supported under North Carolina law.

In North Carolina, "whether a publication is one of the type that properly may be deemed libelous per se is a question of law to be decided initially by the trial court." *Ellis v. N. Star Co.*, 326 N.C. 219, 224, 388 S.E.2d 127, 130 (1990). A statement constitutes libel per se if, "when considered alone and without innuendo, it (1) charges a person with committing an infamous crime, (2) charges a person with having an infectious disease, (3) subjects the person to ridicule, disgrace, or (4) impeaches one in his trade or profession." *Sleem v. Yale Univ.*, 843 F. Supp. 57, 62 (M.D.N.C. 1993) (citing *Renwick v. News & Observer Pub. Co.*, 310 N.C. 312, 317, 312 S.E.2d 405, 409 (1984)). To constitute libel per se a statement must be unambiguously defamatory such that it could admit of no non-defamatory meaning. *Renwick*, 310 N.C. at 318.

Dinse,
Knapp &
McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT

When deciding whether a statement is libelous per se, "[t]he question always is how would ordinary men naturally understand the publication . . . . The fact that supersensitive persons with morbid imaginations may be able, by reading between the lines of an article, to discover some defamatory meaning therein is not sufficient to make them libelous." *Id*. (quoting *Flake v. Greensboro News Co*., 212 N.C. 780, 195 S.E. 55, 60 (1938)). Further, the statement must be defamatory on its face, without explanatory context that makes it so. *Id*.

Plaintiff's claims cannot meet this standard. All of the disputed statements cited by Mr. Haywood, when considered on their face and without context, are simple descriptions of policy positions. They are not defamatory; they do not subject him to ridicule or disgrace. What Mr. Haywood objects to is the supposed misstatement of his positions. Even if he were correct that his positions were misstated (which Defendant does not concede), none of the Authors' statements are unambiguously defamatory such that an ordinary person reading the article would understand the statements to be libelous. On the contrary, the Authors' statements describe simple, standard political positions to which reputable people publicly subscribe and that are within the mainstream of American politics. Plaintiff cannot turn a reasonable statement into a libel per se just because he would have liked it better if stated slightly differently. As a matter of law, Plaintiff has failed to state a claim upon which relief can be granted.

**2. As a Matter of Vermont and New Hampshire law, Plaintiff Has Not Alleged Defamation Or Libel.**

Even if the Court were to find that the appropriate choice of law lies in either Vermont or New Hampshire, his claims would fail for the same reasons as those cited above. In Vermont, a plaintiff is defamed if a statement "tends to lower him in the estimation of a substantial respectable group." *Ryan v. Herald Ass'n, Inc*., 152 Vt. 275, 284, 566 A.2d 1316, 1321 (1989). New Hampshire uses nearly identical language, holding that a statement constitutes libel when it

Dinse,
Knapp &
McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT

"tends to lower the plaintiff in the esteem of any substantial and respectable group of people." *Nash v. Keene Pub. Corp.*, 127 N.H. 214, 219, 498 A.2d 348, 351 (1985).

As explained in the immediately preceding section, none of Plaintiff's disputed statements are defamatory. They are no more than standard descriptions of political positions, and no substantial, respectable populace reading them would think them remarkable, or worthy of approbation. Mr. Haywood wishes his positions had been explained differently. It does not follow that the explanations were defamatory. Mr. Haywood's Complaint, taking all of his statements as true, does not allege defamation under either Vermont or New Hampshire law.

Where the statements at issue are neither false nor defamatory, Plaintiff has failed to state an actionable claim for defamation as a matter of law.

**B. Plaintiff Is a Public Figure Who Cannot Allege Defamation Against the Defendant In This Case.**

In addition to his inability even to allege that the disputed statements were defamatory in nature, as a public figure Plaintiff faces a severely heightened legal standard to prevail on his defamation claim. He cannot meet this standard.

Discussion of public affairs is central to the life of a democracy, and the United States Supreme Court has found that the First Amendment affords such speech the highest degree of protection. *Garrison v. State of La.*, 379 U.S. 64, 74-75 (1964) ("speech concerning public affairs is more than self-expression; it is the essence of self-government."); *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964) (there is "a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials."). In light of these fundamental principles, public figures must meet an extremely high bar before they may recover for defamation.

Dinse,
Knapp &
McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT

To recover for damage to reputation a public figure must show by clear and convincing evidence that the allegedly defamatory statement was false and that the defendant acted with actual malice—that is, he knew the statement was false or acted with reckless disregard for the truth. *New York Times*, 376 U.S. at 279 ("The constitutional guarantees require . . . a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not."); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 342 (1974) (those who are "properly classed as public figures and those who hold governmental office may recover for injury to reputation only on clear and convincing proof that the defamatory falsehood was made with knowledge of its falsity or with reckless disregard for the truth."). The clear and convincing standard of proof requires more than a mere preponderance of evidence. *See Gertz*, 418 U.S. at 367 (J. Brennan, dissenting).

For the purposes of the *New York Times* standard, public officials include individuals running for office. *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 271 (1971) ("it is abundantly clear that . . . publications concerning candidates must be accorded at least as much protection under the First and Fourteenth Amendments as those concerning occupants of public office.").

Under the *New York Times* test, an opinion or a characterization that cannot be proven false will be constitutionally protected. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990) ("a statement of opinion relating to matters of public concern which does not contain a provably false factual connotation will receive full constitutional protection."). However, proving that a speaker made a factual mistake is not enough to show actual malice. "[T]here is a significant difference between proof of actual malice and mere proof of falsity." *Bose Corp. v. Consumers*

Dinse,
Knapp &
McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT

*Union of U.S., Inc*., 466 U.S. 485, 511 (1984). False statements are often protected under the *New York Times* standard. *Id.*; *New York Times*, 376 U.S. at 271-72 (holding no defamation where defendant made several demonstrably false statements because "erroneous statement is inevitable in free debate, and . . . it must be protected if the freedoms of expression are to have the breathing space that they need to survive."). To show actual malice, a plaintiff must prove that the defendants either knew the statements were false or were subjectively close to certain that the statements were false. *Garrison*, 379 U.S. at 74. (holding that actual malice pertains to "only those false statements made with the high degree of awareness of their probable falsity."); *New York Times*, 376 U.S. at 279. Even where a journalist was proven to have fabricated quotes the Supreme Court refused to find actual malice as long as the quotations were substantially accurate representations of what was said. *Masson v. New Yorker Magazine, Inc*., 501 U.S. 496 (1991).

In this case the Plaintiff, a man who chose to run for President and voluntarily expose himself to the scrutiny of the nation in the most public possible way, has ignored both logic and the law in claiming that the Authors' statements can sustain an action for defamation. Even if the Authors made minor factual mistakes (which defendants do not concede), the statements at issue where neither false nor do they reflect actual malice on the part of Defendant. Rather, Plaintiff's assertions are nothing more than "naked assertions " with no content that could constitute even a bare factual showing that the Defendant purposefully acted without concern for the truth. *See Twombly*. There are no facts that provide clear and convincing evidence of actual malice, as required by the *New York Times* standard. Plaintiff's case therefore fails under the federal pleading standards as defined by *Iqbal*, *Twombly*, and this District Court.

Dinse,
Knapp &
McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT

## CONCLUSION

Plaintiff has filed a suit whose claims cannot be supported by law. He failed as a matter of law to alleged defamation, and he cannot overcome the heightened standard required of public officials who seek to bring a defamation claim. Defendant respectfully requests that this Court end this litigation and dismiss these claims.

Dated at Burlington, Vermont this 26th day of September, 2012.

DINSE, KNAPP & MCANDREW, P. C.

By /s/ W. Scott Fewell, Esq.
Jeffrey J. Nolan, Esq.
W. Scott Fewell, Esq.
David A. Scherr, Esq.

Dinse,
Knapp &
McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT

CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2012, I electronically filed with the Clerk of Court the following documents using the CM/ECF system: **Motion to Dismiss**. The CM/ECF system will provide service of such filing(s) via Notice of Electronic Filing (NEF) to the following NEF parties:

William B. Towle, Esq.

I hereby further certify that I also made service upon the *pro se* Plaintiff by placing a copy of the Motion to Dismiss in the U.S. Mail, postage prepaid, and mailed to:

John D. Haywood
3116 Cornwall Road
Durham, NC 27707-5102.

Dated at Burlington, Vermont this 26th day of September, 2012.

DINSE, KNAPP & MCANDREW, P. C.

By /s/ W. Scott Fewell, Esq.
Jeffrey J. Nolan, Esq.
W. Scott Fewell, Esq.
David A. Scherr, Esq.

Dinse,
Knapp &
McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT